## MORGAN CROCKETT v. BENJAMIN BLACKISTON, Administrator c. t. a. of Jesse Ford

High Court of Errors and Appeals. June, 1819.

*Ridgely's Notebook II, 426.*

510

October 22, 1821. *Hall* for plaintiff in error. . . . [*J. M. Clayton* for defendant in error.]

This case was argued before RIDGELY, CHANCELLOR, WARNER, WAY and COOPER, Justices of the Court of Common Pleas and BATSON, Justice of the Supreme Court. BOOTH, Chief Justice of the Court of Common Pleas, was absent. It was held under advisement until December 1, 1821, at an adjournment of the High Court of Errors and Appeals, when RIDGELY, CHANCELLOR, delivered the opinion of the Court, the same judges being present who heard the argument, except BATSON, Justice of the Supreme Court.

[PER CURIAM.] The circumstances or facts upon which this case depends appear in the record, and therefore it is unnecessary to repeat them here. Numbers being dead, this is a suit against the administrators in the guardian bond. The real controversy is whether the sureties in the administration, or guardian bond, are liable for £143.1.11¾, the unappropriated balance in the administration account. There are two questions: first, whether this debt due on the administration account is extinguished by Numbers being appointed guardian of Morgan Crockett, the heir of Jonathan Crockett; and secondly, whether Numbers has retained this debt, either by his own act or by act of law, so that his sureties in the guardian bond are chargeable.

First, this is no extinguishment of the debt. The appointment of guardian is an act of law, and it cannot on any principle be presumed to be an extinguishment. If a testator makes his debtor his executor, it is a release of the debt, 8 Co. 136, 1 Salk. 300, and many other cases; but the debt will be assets to pay debts and legacies. See 1 Com.Dig. 336, title, "Administration." There are various reasons assigned why the appointment by an obligee of his obligor, executor, is an extinguishment of the debt. One is that the executor cannot sue himself; another is that a personal action once suspended by the act of the party is gone forever. Lord Holt, 1 Salk. 305, says that it is because the same hand is to receive that is to pay; but that the rule does not always hold. And he states that if the obligor makes the obligee his executor, though there be the same hand to receive and to pay, it is no extinguishment, unless the executor has assets; so if the obligor takes administration to the obligee, though the same person has a right to receive who is to pay, it is no extinguishment, because the administration is made such by the act of law; and if the executrix of the obligee takes the obligor to husband, this is no extinguishment of the debt, because the husband is to receive it in *auter droit*. Powell, in his argument in the case of *Washford v. Washford*, 1 Salk. 303, has assigned perhaps the

best reason. He said that the [3] extinguishment is not wrought by way of actual release, because then the debt could not be assets, but by way of legacy. And this seems by Comyns in his Digest, 1 Com.Dig. 337, title, "Administration", in a note, and by Hargrave in a note in Co.Litt. 264b, to be thought to be the true reason. Most of the other reasons are as applicable to an administrator as to an executor; for he could no more sue himself than an executor could, and the action would be equally suspended, and he also would be to receive and pay.

When the debtor is appointed guardian there is no more reason that that should extinguish the debt than where he is appointed administrator. The guardian is appointed by the act of law; he is the trustee of the ward, and the money is due in the ward's right. Where the obligee made his obligor executor during the minority of a plaintiff, who became executor at sixteen, this was no suspension nor extinguishment because the executor was only executor in trust for the plaintiff during his minority. 1 Ld. Raym. 605. See Cro.Car. 372. So where one is possessed of a term as executor or in right of his wife, and purchases the fee, this is no extinguishment of the term, for he holds in different rights. Com. 67, 69. The principle of the cases fairly warrant the conclusion that the appointment of William Numbers guardian of Morgan Crockett did not extinguish the debt on the administration account, for the rights were different, and his appointment was the act of the law and not the act of the party. The case of *Loockerman's Administrators v. Patten's Administrator* was not like the present. There one of the points debated and decided, and which is the same referred to, was whether the husband, who died before his wife, had so reduced the wife's share of the personal estate of her former husband, Vincent Loockerman, the intestate, into possession, that it should go to his representatives. There was no controversy about the right of either husband or wife to retain it; the heirs made no pretension to it. The contest was between the representatives of the wife and the representatives of the husband, and depended on the question of possession in the lifetime of the husband.

Second, even if Numbers had a right to retain this debt as guardian, he has not done so. In the administration account he leaves the charge in full force against him, or against him and his wife; and in the guardian account no mention is made of it. He then has not retained it; and unless by his own act or by the act of law he had been compelled to transfer this charge to his guardian

---

[3] At this point, *Ridgely's Notebook III, 531*, the account of this case is interrupted; it is resumed at *538*.

account, it is not easy to imagine how he, a debtor in one character, should be charged in another. If the obligee appoints the obligor executor, and he refuses to prove the will, it is no release of the debt. 1 Salk. 302, 304, 307. 3 Term 557. The pleading or giving in evidence a retainer is a voluntary act, and if the party having a right to retain, neglects or refuses to do so, he certainly can have no benefit of the right. This money Numbers should have claimed to retain in right of his ward, and until he did so or was compelled to do so, the debt not being extinguished, it still remains a charge against the administrators of Jonathan Crockett and their sureties. This is a question of more importance to sureties than to the administrator, who is also guardian; and if in such case an administrator will not charge himself as guardian, it might, under circumstances, be a good reason to compel him to give counter-security to the sureties in the administration bond. Perhaps there is no doubt but that such a guardian might be compelled to charge himself with such money in settling his guardian account; but as that is not the question now, we will not say so. However, as it has not been done, either by himself or by any proceeding against him, it is the unanimous opinion of the Court that the judgment be affirmed.

Judgment affirmed.

NOTE. This question was argued, and considered by the Court, on the broad ground whether the sureties of a guardian, which guardian is also administrator of the estate of his ward's ancestor, is liable on the guardian bond, the administrator not having charged himself nor being charged in his guardian account with the balance of the personal estate coming to his ward as heir of the intestate. But in fact Numbers was not the administrator of Jonathan Crockett. He married the administratrix, and in her right administered the estate. It does not appear which of them died first; but if he survived her, the estate which went into his hands could not have been recovered of him on the administration bond. The wife and her sureties only, after his death, or if she died first, her administrators and her sureties only in his life were liable on that bond. The remedy against Numbers himself, if he survived, would have been by a bill in chancery, and he would have been liable for such goods only as went into his hands, and not for the goods which his wife took and disposed of before marriage. The case, though, states that all the goods went into Numbers' hands, therefore this question might well be decided on a suit upon the guardian bond.

This decision settles the question [of] the liability of sureties of the administrator and sureties of the guardian. In future the

accounts must guide the parties. If no administration account has been settled, or if one has been passed, and the ward's share of the personal estate has not been transferred to the guardian, the sureties of the administrator will continue liable. It will be sufficient for an executor or administrator to credit himself in his administration account by retaining the legacy or distributive share of his ward as guardian. This would be evidence of his act of retainer. And so if the same is transferred to his guardian account, and he is therein charged with it.

The sureties of executors, administrators and guardians may now see by the accounts their responsibility, and then may resort to a remedy for their indemnity, if necessary.